FILED
CLERK, U.S. DISTRICT COURT
11/18/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: VAV DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ALBERT ANSELMO TORRES, JR.,<br><br>　　　　Defendant. | CR 2:22-cr-00547-DMG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud;<br>18 U.S.C. § 1028A(a)(1):<br>Aggravated Identity Theft;<br>18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Glendora Chrysler Jeep Dodge (the "Glendora dealership") was a dealership in Glendora, California, that sold automobiles.

2. Chrysler Capital was an entity headquartered in Dallas, Texas, that issued loans for automobiles.

B.  THE SCHEME TO DEFRAUD

3.  Beginning on a date unknown and continuing through at least in or about April 2018, in Los Angeles County, within the Central District of California, defendant ALBERT ANSELMO TORRES, JR., knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the Glendora dealership and Chrysler Capital as to material matters, and to obtain money and property from the Glendora dealership and Chrysler Capital by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4.  The fraudulent scheme operated, in substance, in the following manner:

   a.  Defendant TORRES obtained and possessed, without lawful authority, the social security number of victim A.T., whose name was similar defendant TORRES's name;

   b.  On or about April 14, 2018, in order to obtain a loan to purchase a 2016 Dodge Challenger from the Glendora dealership, defendant TORRES falsely represented in a credit application that: (1) his social security number was that of victim A.T.; and (2) he was employed as a driver by Western Maritime;

   c.  On or about April 14, 2018, in order to process the fraudulent credit application that defendant TORRES submitted to the Glendora dealership, an employee at the Glendora dealership used a platform that utilized the Internet to submit to Chrysler Capital images of defendant TORRES's credit application, which were reviewed by an employee of Chrysler Capital in Dallas, Texas;

   d.  Based on the fraudulent credit application defendant TORRES submitted to the Glendora dealership, Chrysler Capital

approved the loan, and Chrysler Capital electronically sent money to the Glendora dealership's account; and

   e. Defendant TORRES signed a retail installment sale contract, which reflects an amount financed of $44,290.96, and defendant TORRES took possession of the 2016 Dodge Challenger.

C. <u>USE OF THE WIRES</u>

  5. On or about April 14, 2018, in Los Angeles County, within the Central District of California, for the purpose of executing the above-described scheme to defraud, defendant TORRES caused the transmission, by means of wire and radio communication in interstate commerce, of images of a credit application signed by defendant TORRES, which falsely represented that defendant TORRES's social security number was that of victim A.T. and that defendant TORRES was employed as a driver for Western Maritime.

COUNT TWO

[18 U.S.C. § 1028A(a)(1)]

On or about April 14, 2018, in Los Angeles County, within the Central District of California, defendant ALBERT ANSELMO TORRES, JR., knowingly possessed and used, without lawful authority, a means of identification that defendant TORRES knew belonged to another person, namely, the social security number belonging to victim A.T., during and in relation to the offense of Wire Fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Count One of this Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Two of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

```
                                      A TRUE BILL


                                        /S/
                                      Foreperson
```

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SHAWN J. NELSON
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, and Racketeering
Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, and
Racketeering Section

SKYLER F. CHO
Assistant United States Attorney
International Narcotics, Money
Laundering, and Racketeering Section